**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **IN RE MARSHALL & MELHORN, LLC DATA BREACH LITIGATION** | Case No.: 3:23-CV-01181<br><br><br>Judge James R. Knepp II |

**ORDER GRANTING MOTION FOR  PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Marshall & Melhorn, LLC ("Marshall & Melhorn" or "Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Mark Hendrix and Kathryn Thiel as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of Simpluris, Inc. ("Simpluris") as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement, and the proposed method of distribution of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

> all natural persons residing in the United States who were due Notice of the Data Breach notifying them that their Private Information was compromised in the Data Breach. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach or who pleads *nolo contendere* to any such charge.[2]

3. For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of roughly 47,000 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege that they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court appoints Plaintiffs Mark Hendrix and Kathryn Thiel as the Class Representatives.

5. The Court appoints Terence R. Coates of Markovits, Stock & DeMarco, LLC;

---

[2] "Data Breach" shall mean the cyberattack Defendant experienced between August 20, 2021, until September 14, 2021, giving rise to the Litigation.

Philip J. Krzeski of Chestnut Cambronne PA; and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel for the Class.

      6.    The Court appoints Simpluris, Inc. as the Settlement Administrator.

7.    A Final Approval Hearing shall be held before the Court on January 13, 2025, at 10:00 AM for the following purposes:

    a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c.  To determine whether the notice plan as conducted was appropriate;

    d.  To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    e.  To determine whether the requested Class Counsel's combined attorneys' fees, of up to 1/3 of the Settlement Fund ($266,666.67), and litigation expenses up to $25,000.00, should be approved by the Court;

    f.  To determine whether the request Service Awards of up to $2,500 to each Class Representative are fair, reasonable, and adequate.

    g.  To determine whether the settlement benefits are fair, reasonable, and adequate; and

    h.  To rule upon such other matters as the Court may deem appropriate.

      8.    The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that

such notice plan meets the requirements of Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.      The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

## SETTLEMENT TIMELINE

| | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | 9/6/2024 |
| Notice Deadline | 9/23/2024 |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | 11/7/2024 |
| Objection Deadline | 11/21/2024 |
| Opt-Out Deadline | 11/21/2024 |
| Settlement Administrator Provide List of Objections/Opt-Outs to the Parties' counsel | 12/5/2024 |
| Claims Deadline | 12/23/2024 |
| | |
| **Final Fairness Hearing** | 1/13/2025 at 10:00 AM |
| Motion for Final Approval | 12/30/2024 |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +45 days |
| Payment of Claims to Class Members | +65 days |
| Settlement Website Deactivation | +240 days |

10.     In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this

Order in accordance with the timeline being keyed on the grant of this Order.

11.     Additionally, all requests to opt-out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt-out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement. Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12.     Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

(i) the objector's full name and address; (ii) the case name and docket number, *In Re: Marshall & Melhorn, LLC Data Breach Litigation*, Case No. 3:23-cv-01181 (N.D. Ohio); (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Breach, or a statement explaining why the objector believes he or she is a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Class Member objecting

5

to the Settlement agrees to submit to any discovery related to the Objection.

13.     All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Marshall & Melhorn in this Litigation.

14.     Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Marshall & Melhorn.

15.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.


        **IT IS SO ORDERED** this 23rd day of August, 2024.



                        *s/ James R. Knepp II*
                        **U.S. District Judge James R. Knepp II**